IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

SHEILA MARIE SPENCER,

Appellant,                                    OPINION AND ORDER

v.

15-cv-332-wmc

FEDERAL HOME LOAN MORTGAGE
CORPORATION a/k/a Freddie Mac,

Appellee.

----------------------------------------------------------------------------------------------------

SHEILA M. SPENCER,

Appellant,

v.

15-cv-327-wmc

FEDERAL HOME LOAN MORTGAGE
CORPORATION a/k/a Freddie Mac,

Appellee.

Debtor Sheila Spencer recently filed two appeals from decisions of the Bankruptcy Court for the Western District of Wisconsin in the above captioned cases. In Case No. 15-cv-332, Spencer appeals that court's decision to lift the automatic stay; in Case No. 15-cv-327, Spencer appeals the court's decision to dismiss the adversary proceeding. Before the court is Spencer's motion to consolidate these two appeals and to "stay the filing of the statement of issues and designation of record." (15-cv-332 dkt. #2; 15-cv-327 dkt. #3.) Finding no common question of law or fact which warrants consolidation, the court will deny the first motion. Spencer's second motion to "stay" is essentially a motion for extension of time to file statements of interest and designations of record,

which the court will grant, albeit reluctantly.  The court's review of the underlying bankruptcy dockets also reveals, however, that extensive briefing is simply not warranted for essentially meritless appeals.  Instead, each appeal appears motivated by the goal to further delay a warranted state court foreclosure.  Accordingly, the court will require Spencer to provide an explanation why the court should not summarily affirm the bankruptcy court's decisions in both appeals.

BACKGROUND

The bankruptcy court, this court and the Seventh Circuit are all familiar with debtor Sheila Spencer and her attorney Wendy Alison Nora's efforts to delay foreclosure on Spencer's home.  *See Spencer v. PNC Bank, N.A.*, No. 14-cv-422-wmc, 2015 WL 1520912, at *2-4 (W.D. Wis. Apr. 2, 2015).  With that background in mind, the court sets forth the following key events.

On April 3, 2015, Spencer filed a new Chapter 13 voluntary bankruptcy petition. *In re Spencer*, No. 15-11204 (Bankr. W.D. Wis. Apr. 3, 2015) (dkt. #1).  On April 16, 2015, creditor PNC Bank, N.A., filed a motion for relief from stay.  *Id.* (dkt. #10).  The bankruptcy court conducted an evidentiary hearing on May 11, 2015, and issued an opinion on May 15, 2015, in which the court found that "Spencer has engaged in a scheme to delay creditors involving multiple bankruptcy filings affecting real property," and therefore PNC Bank was entitled to relief from the automatic stay under 11 U.S.C. § 362(b)(20).  *Id.* (dkt. ##60, 61).

On April 26, 2015, Spencer also filed an adversary proceeding against PNC Bank, N.A. and Freddie Mac, among several other individuals and corporate entities, seeking a judgment to: (1) "declaring the relative rights, interests, obligations and responsibilities concerning Ms. Spencer's Homestead"; (2) "declaring the mortgage recorded in the Wood County Register of Deeds purporting to encumber Ms. Spencer's Homestead to be adjudged null and void"; and (3) "determining the identity and capacity of any parties entitled to receive adequate protection payments and/or the proceeds of sale of the Homestead and determining the amount of each such claim or interest." *Spencer v. Fed. Home Loan Mrtg. Corp.*, No. 15-00060-cjf (Bankr. W.D. Wis. Apr. 26, 2015) (dkt. #1). On April 30, 2015, the bankruptcy court ordered *sua sponte* Spencer to brief why her adversary proceeding is not barred by the *Rooker-Feldman* doctrine.[1] *Id.* (dkt. #6). After review of Spencer's response, in a decision also dated May 15, 2015, the bankruptcy court dismissed the adversary proceeding for lack of subject matter jurisdiction, finding Spencer's claims barred by *Rooker-Feldman*. *Id.* (dkt. #14); *see also id.* (dkt. #15).

On May 28, 2015, Spencer filed a notice of appeal in the Chapter 13 case, seeking to appeal both the order lifting the automatic stay in the Chapter 13 case and the order dismissing the adversary proceeding. *In re Spencer*, No. 15-11204 (dkt. #68). The text entry accompanying this filing stated "Appellant Designation due by 6/11/2015." (*Id.*) The next day, on May 29, 2015, Spencer filed the same notice of appeal in the adversary proceeding. *Spencer v. Fed. Home Loan Mrtg. Corp.*, No. 15-00060-cjf (dkt. #19). The text

---

[1] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *District of Columbia Ct. of App. v. Feldman*, 460 U.S. 462, 486 (1983).

entry accompanying this filing stated "Appellant Designation due by 6/12/2015."  (*Id.*)
Also on May 29, 2015, Spencer filed in the Chapter 13 case a "Duplicative Notice of
Appeal with Amended Language to Explain Duplication (Filed in an Abundance of
Caution to Preserve Appellate Deadline)."  *In re Spencer*, No. 15-11204 (dkt. #71).  The
text entry accompanying this filing stated that "Appellant Designation due by
6/12/2015."  (*Id.*)

On June 12, 2015, Spencer filed in both the Chapter 13 case and the adversary
proceeding a "Motion to Consolidate Appeals and Review and to Stay Filing of the
Statement of Issues and Designation of Record."  *In re Spencer*, No. 15-11204 (dkt. #79);
*Spencer v. Fed. Home Loan Mrtg. Corp.*, No. 15-00060-cjf (dkt. #23).  On June 19, 2015,
Spencer filed a similar motion in this court.

On June 22, 2015, the bankruptcy court issued an order taking no action with
respect to the request for consolidation.  As for Spencer's request to "stay the filing of the
statement of issues and designation of record," the bankruptcy court properly treated the
request as one for extension of time to file.  The bankruptcy court first expressed some
doubt as to whether that request was properly before the bankruptcy court rather than
this court, and then reviewed the untimely request for excusable neglect, and concluded
that Spencer's counsel's reasons for failing to file both documents timely fell short of
excusable neglect.  The bankruptcy court's analysis was premised on its view that both
documents were due in the Chapter 13 case on or before June 11, 2015, which was 14
days after the notice of appeal filed on May 28, 2015.  *In re Spencer*, No. 15-11204 (dkt.

#82) at p.1; *see also* Fed. R. Bankr. P. 8009(a)(1) (setting deadline of 14 days to file statement of issues and designation of record after the notice of appeal).

On June 26, 2015, Spencer filed a rambling "Motion to Vacate Order Denying Motion for Extension of Time to File Designation of Record and Statement of Issues on Appeal Pursuant to Fed. R. Bankr. P. 9024 and for Alternative Relief." *In re Spencer*, No. 15-11204 (dkt. #83); *Spencer v. Fed. Home Loan Mrtg. Corp.*, No. 15-00060-cjf (dkt. ##32). In the motion, she principally argues that her motion was not a motion for extension of time, but rather a motion to stay that (1) was filed before the expiration of the time required to file her statements of interest and designations of record and (2) could only be considered in conjunction with the motion to consolidate. Also on June 26, 2015, Spencer filed a consolidated statement of interest and various designations for inclusion in the record on appeal. *In re Spencer*, No. 15-11204 (dkt. ## 84, 85, 86); *Spencer v. Fed. Home Loan Mrtg. Corp.*, No. 15-00060-cjf (dkt. ##26, 29, 31).

OPINION

Much like her rejected motions in the bankruptcy court, Spencer again seeks consolidation of her two appeals in this court, as well as a "stay" of the time by which she must file a statement of issues and designation of records. As for her request for consolidation, Spencer directs the court to Federal Rule of Bankruptcy Procedure 7042 which provides that Federal Rule of Civil Procedure 42 applies in adversary proceedings. Federal Rule of Bankruptcy Procedure 9014 also provides that certain rules, including Rule 7042, apply in contested matters.

5

The court looks, therefore, to Rule 42 to determine whether these two appeals should be consolidated.  That rule provides in pertinent part:

> (a) Consolidation.   If actions before the court involve a common question of law or fact, the court may:
>
> (1) join for hearing or trial any or all matters at issues in the action;
>
> (2) consolidate the actions; or
>
> (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42.

In support of her motion to consolidate, Spencer points out that the decisions by the bankruptcy court were entered on the same day and argues that "[t]he issues in the two Appeals and the alternative Objections to the Legal Conclusions in the May 15, 2015 Decision are intertwined, according to the Decisions themselves as well as [the Bankruptcy] Court's Order of April 30, 2015, requiring a brief on certain jurisdiction issues to be filed on Sunday, Mother's Day, May 10, 2015, by 4:00 p.m. (entered in both cases) in advance of the May 11, 2015 evidentiary hearing in the main case." (Appellant's Mot. (dkt. #3) ¶¶ 4-5.)

From the court's review of the decisions issued by the bankruptcy court, however, the appeals do *not* involve common questions of law or fact.  To the contrary, the order lifting the stay involves factual determinations as to Spencer's now transparent motivation in filing a Chapter 13 petition, whereas the dismissal of Spencer's adversary proceeding was based on a pure legal determination.  The fact that the bankruptcy court issued decisions on the same day is of no import in determining whether the appeals

should be consolidated.  Moreover, the court is concerned that consolidation has the potential for muddling the *specific* issues presented by each appeal, providing Spencer and her counsel with an opportunity (or at least an incentive) to pursue random, ancillary and likely frivolous grounds for review.   Regardless of that concern, the court will deny her request because Spencer offers no credible basis or justification for consolidation.

As previously noted, Spencer also seeks a "stay of the filing of her Statement of Issues in final form and the Designation of Record until five (5) days after the Transcript of the proceedings on May 11, 2015, is prepared and filed with the Court, which is anticipated to be filed on or about June 25, 2015."  (Appellant's Mot. (dkt. #3) 1.) Federal Rule of Bankruptcy Procedure 8009 requires the appellant to "file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented" within 14 days after the filing of a notice of appeal.  Here, Spencer filed her appeal in the Chapter 13 petition (the '327 appeal) on May 28, 2015, which means her statement of issues and designation of record were due on June 11, 2015.

Except for a passing reference to her motion to stay being timely since it was originally filed in the bankruptcy court on June 12, 2015 -- the day on which the statements of issues and designations of records for both appeals were due in this court according to Spencer (*id.* at ¶ 12) -- Spencer fails to acknowledge that she failed to file the necessary documents by June 12, 2015.  Instead, Spencer frames her motion as one for stay of these filing requirements in "final form," which this court initially construed as

a motion for leave to amend or supplement without understanding the more glaring defect caused by Spencer missing the filing deadline in the first instance.

In her filings in the bankruptcy court, Spencer argues -- without support -- that her amended notice of appeal filed on May 29, 2015, restarted the clock, meaning that her statement of interest and designation of record in the '327 appeal would have been due on June 12, 2015.  As such, Spencer contends that her motion for a "stay" was made before expiration of the time for filing.

Even giving Spencer the benefit of the doubt that her motion for consolidation/stay filed in the bankruptcy court on June 12 occurred before the expiration of the time for filing her statements of interest and designations of record in this court on appeal -- a benefit she hardly deserves given her past, dubious actions to delay foreclosure -- Spencer still must provide "good cause" for the requested extension. Fed. R. Civ. P. 6(b).[2]  Seeking a consolidation of the two appeals does not excuse Spencer from complying with these deadlines.  On the contrary, if Spencer's motion for consolidation had any merit, there should be significant overlap in the timings of filings in each of these appeals.  Spencer's excuse that she needed to review the transcript of the May 11, 2015, hearing also fails to provide an adequate basis for an extension.  Even crediting her representation -- which seems a stretch given the straightforward statements and designations required at this early stage of the appeals -- Spencer could still have timely filed the statements of interest and designation of records while simply reserving

---

[2] The fact that the motion is labeled as one for a "stay" is of no import.  Spencer seeks relief from the 14-day deadline regardless of the specific label used.

the right to amend after review of the transcript once available. Spencer also could have requested an expedited transcript to avoid this issue in the first instance. As a result, the court is hard-pressed to find good cause on this record.

While the court may dismiss an appeal for failing to comply with the requirements of Rule 8009, *see In re Thompson*, No. 92-2587, 4 F.3d 997, 1993 WL 347181, at *5-6 (7th Cir. Sept. 10, 1993), the court declines to do so here in the interest of justice. Still, a stay is no longer necessary in light of the fact that Spencer has since filed the statements of interest and designations of record. Instead, the court will simply accept Spencer's untimely filings.

Finally, as noted at the outset of this opinion, review of Spencer's motion below and on appeal, as well as the underlying bankruptcy dockets as a whole, amplifies concerns raised by the bankruptcy court, this court, other district courts and the Seventh Circuit regarding Attorney Nora's questionable practices. *See In re Nora*, 778 F.3d 662, 664-667 (7th Cir. 2015). In an effort to bring these appeals to a just and speedy resolution under Fed. R. Civ. P. 1, therefore, the court will require Spencer to brief within ten days two issues: (1) in the '327 appeal, why Spencer's adversary proceeding is not plainly barred by the *Rooker-Feldman* doctrine; and (2) in the '332 appeal, why the bankruptcy court's grant of PNC Bank's motion to lift the automatic stay should not be summarily affirmed for the same reasons recently articulated by this court in *Spencer v. PNC Bank, N.A.*, No. 14-cv-422-wmc, 2015 WL 1520912, at *5-6 (W.D. Wis. Apr. 2,

2015).[3]  Attorney Nora is reminded that frivolous arguments may result in sanctions.  *See In re Nora*, 778 F.3d at 667.  For the same reason, no extensions of this deadline will be considered unless filed at least five days *before* the brief is due and extraordinary cause is established.

## ORDER

IT IS ORDERED that:

1) Appellant Sheila M. Spencer's motion to consolidate the appeals and to stay the filing to the statement of issues and designation of record (15-cv-332 dkt. #2; 15-cv-327 dkt. #3) is GRANTED IN PART AND DENIED IN PART. Spencer's motion for extension of time to file statements of issues and designations of record is GRANTED.  In all other respects, the motion is DENIED.

2) Appellant's motion for extension of time (15-cv-332 dkt. #4; 15-cv-327 dkt. #5) is DENIED AS MOOT.

3) On or before August 3, 2015, appellant Sheila Spencer shall file a brief in each appeal explaining why the court should not summarily affirm the district court's respective orders.

Entered this 24th day of July, 2015.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

---

[3] This briefing schedule also renders moot Spencer's request for an extension of time to file her opening brief, which too was strategically filed on the scheduled due date for that brief.  (Dkt. #5.)